**CHARLES L. REES**
California State Bar No. 200682
**LAW OFFICES OF CHARLES L. REES**
424 F Street, Suite D
San Diego, California 92101
Telephone: (619) 234-8467
Fax: (619) 702-5415
Email: charleslrees@yahoo.com

Attorney for Mr. Jose Francisco Perez-Gomez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILYN L. HUFF)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE FRANCISCO PEREZ-GOMEZ (3),<br><br>Defendant. | ) | CASE NO. 08CR337H<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |

Jose Francisco Perez-Gomez is charged with violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 . He brings the following motions.

**I.**

**MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE**

Mr. Perez-Gomez makes the following discovery motion pursuant to Rule 12(b)(4) and Rule 16, as well as a motion to preserve all evidence involved in the case, that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. In addition to fulfilling its discovery obligation, the government should be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to inform those parties to preserve any such evidence. This request for discovery and preservation is not limited to those items that the prosecutor has actual knowledge of, but rather includes all discovery listed below that is "in the

possession, custody, or control of any federal agency participating in the same investigation of the defendant. See Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

**1. Mr. Perez-Gomez' Statements.** The Government must disclose to Mr. Perez-Gomez all copies of any written or recorded statements made by Mr. Perez-Gomez; the substance of any statements made by Mr. Perez-Gomez which the Government intends to offer in evidence at trial; any response by Mr. Perez-Gomez to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of Mr. Perez-Gomez' oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to Mr. Perez-Gomez; and any other statements by Mr. Perez-Gomez. FED. R. CRIM. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all Mr. Perez-Gomez' statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

**2. Arrest Reports, Notes and Dispatch Tapes**. Mr. Perez-Gomez also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Perez-Gomez or any other discoverable material is contained. This is all discoverable under FED. R. CRIM. P. 16(a)(1)(A) and (B) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Perez-Gomez are available under FED. R. CRIM. P. 16(a)(1)(A) and (B), FED. R. CRIM. P. 26.2 and 12(i). Preservation of rough notes is requested, whether or not the government deems them discoverable.

**3. Brady Material.** Mr. Perez-Gomez requests all documents, statements, agents' reports, and tangible evidence favorable to Mr. Perez-Gomez on the issue of guilt and/or which affects the credibility of the government's case. Impeachment and exculpatory evidence both fall within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

**4. Any Information That May Result in a Lower Sentence.** As discussed above, any information

which may result in a more favorable sentence must also be disclosed pursuant to Brady v. Maryland, 373 U.S. 83 (1963). The Government must disclose any cooperation or attempted cooperation by Mr. Perez-Gomez, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of Mr. Perez-Gomez' criminal history, or any other application of the Guidelines.

**5. Mr. Perez-Gomez' Prior Record.** Evidence of a prior record is available under FED. R. CRIM. P. 16(a)(1)(D). Counsel specifically requests a complete copy of any criminal record.

**6. Any Proposed 404(b) Evidence.** Evidence of prior similar acts is discoverable under FED. R. CRIM. P. 16(a)(1)(D) and FED. R. EVID. 404(b) and 609. In addition, under FED. R. EVID. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under FED. R. EVID. 404(b) at trial. Sufficient notice requires the government to "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); see also United States v. Brooke, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming Mehrmanesh and reversing convictions).

This includes any "TECS" records (records of prior border crossings) that the Government intends to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal. Although there is nothing intrinsically improper about prior border crossings, they are nonetheless subject to 404(b), as they are "other acts" evidence that the government must produce before trial. United States v. Vega, 188 F.3d 1150, 1154-55 (9th Cir. 1999).

Mr. Perez-Gomez requests that such notice be given three weeks before trial to give the defense time to adequately investigate and prepare for trial.

**7. Evidence Seized.** Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under FED. R. CRIM. P. 16(a)(1)(E).

**8. Request for Preservation of Evidence.** Mr. Perez-Gomez specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this

case be preserved. This request includes, but is not limited to, any scientific tests, the evidence seized, the results of any fingerprint analysis, Perez-Gomez' personal effects, and any evidence seized from Mr. Perez-Gomez or any third party. This request also includes any material or percipient witnesses who might be deported or otherwise likely to become unavailable (e.g. undocumented aliens and transients).

It is requested that the prosecutor be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

**9. Reports of Examinations and Tests.** Mr. Perez-Gomez requests the opportunity to inspect and copy any reports of physical and mental examinations, and any scientific tests, that are material to the preparation of the defense, or are intended for use in the government's case-in-chief. FED. R. CRIM. P. 16(a)(1)(D).

**10. Henthorn Material.** Mr. Perez-Gomez requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material. See Kyles v. Whitley, 514 U.S. 437, 438 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). This request includes, but is not limited to, any complaints filed (by a member of the public, by another agent, or any other person) against the agent, whether or not the investigating authority has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended. Mr. Perez-Gomez further requests production of any such information at least one week prior to the motion hearing and two weeks prior to trial. If the prosecutor is uncertain whether certain information should be disclosed pursuant to this request, this information should be produced to the Court in advance of the motion hearing and the trial for an in camera inspection.

**11. Tangible Objects**. Mr. Perez-Gomez requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to Mr. Perez-Gomez. FED. R. CRIM. P. 16(a)(1)(E).

**12. Expert Witnesses.** Mr. Perez-Gomez requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. FED. R. CRIM. P. 16(a)(1)(G). This summary should include a description of the witness' opinion(s), as well as the bases and the reasons for the opinion(s). See United States v. Duvall, 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert notice did not adequately summarize or describe police detective's testimony in drug prosecution where notice provided only a list of the general subject matters to be covered and failed to identify what opinion the expert would offer on those subjects). This request includes, but is not limited to, disclosure of the qualifications of any government witness who will testify that he understands and/or speaks Spanish or any other foreign language that may have been used during the course of an interview with Mr. Perez-Gomez or any other witness.

Mr. Perez-Gomez requests the notice of expert testimony be provided at a minimum of three weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the government's expert and obtain a hearing in advance of trial to determine the admissibility of qualifications of any expert. See Kumho v. Carmichael Tire Co., 526 U.S. 137, 119 S.Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings")

**13. Impeachment Evidence.** Mr. Perez-Gomez requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. Perez-Gomez. See FED. R. EVID. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland. See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

**14. Evidence of Criminal Investigation of Any Government Witness.** Mr. Perez-Gomez requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

**15. Evidence of Bias or Motive to Lie.** Mr. Perez-Gomez requests any evidence that any prospective government witness is biased or prejudiced against Mr. Perez-Gomez, or has a motive to falsify

or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

**16. Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity.** Mr. Perez-Gomez requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

**17. Witness Addresses.** Mr. Perez-Gomez requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). Mr. Perez-Gomez also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

**18. Name of Witnesses Favorable to Mr. Perez-Gomez.** Mr. Perez-Gomez requests the name of any witness who made any arguably favorable statement concerning Mr. Perez-Gomez or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

**19. Statements Relevant to the Defense.** Mr. Perez-Gomez requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982). This includes Grand Jury transcripts which are relevant to the defense motion to dismiss the indictment.

**20. Jencks Act Material.** Mr. Perez-Gomez requests production in advance of the motion hearing or trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and FED. R. CRIM. P. 26.2. A verbal acknowledgment that "rough" notes constitute

an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitutes Jencks material when an agent reviews notes with the subject of the interview); see also United States v. Riley, 189 F.3d 802, 806-08 (9th Cir. 1999). Advance production will avoid the possibility of delay of the motion hearing or trial to allow Mr. Perez-Gomez to investigate the Jencks material. Mr. Perez-Gomez requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and use properly any Jencks statements during cross-examination.

**21. Giglio Information.** Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Perez-Gomez requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

**22. Agreements Between the Government and Witnesses.** Mr. Perez-Gomez requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made or the advice not followed.

**23. Informants and Cooperating Witnesses.** Mr. Perez-Gomez requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Perez-Gomez. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. Roviaro v. United States, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate Mr. Perez-Gomez.

**24. Bias by Informants or Cooperating Witnesses.** Mr. Perez-Gomez requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405

U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

**25. <u>Personnel Records of Government Officers Involved in the Arrest</u>.** Mr. Perez-Gomez requests all citizen complaints and other related internal affairs documents involving any of the law enforcement officers who were involved in the investigation, arrest and interrogation of Mr. Perez-Gomez. <u>See</u> <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

**26. <u>Training of Relevant Law Enforcement Officers</u>.** Mr. Perez-Gomez requests copies of all written, videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement agencies involved in the case (United States Customs Service, Border Patrol, INS, Department of Homeland Security, etc.) to their employees regarding: (a) the informing of suspects of their Constitutional rights; and (b) the questioning of suspect witnesses.

**27. <u>Performance Goals and Policy Awards</u>.** Mr. Perez-Gomez requests disclosure of information regarding standards used for measuring, compensating or reprimanding the conduct of all law enforcement officers involved in the case (Customs, Border Patrol, INS, etc.) to the extent such information relates to the detection of illegal aliens. This request specifically includes information concerning performance goals, policy awards, and the standards used by Customs for commending, demoting, or promoting agents for their performance at the port of entry and their success or failure to detect illegal aliens in general.

**28. <u>TECS Reports</u>.** Mr. Perez-Gomez requests all TECS reports the government intends on introducing at trial.

**29. <u>Residual Request</u>.** Mr. Perez-Gomez intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16.

Mr. Perez-Gomez requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

**II.**

**<u>REQUEST FOR LEAVE TO FILE FURTHER MOTIONS</u>**

As new discovery becomes available it may become necessary to file further motions to advance Mr.

Perez-Gomez's case. In addition, defense counsel's on-going investigation and interviews of potential government witnesses may uncover information vital to Mr. Perez-Gomez's case which might necessitate the filing of further motions. For these reasons, Mr. Perez-Gomez respectfully requests that defense counsel be allowed the opportunity to file further motions.

## III.

## CONCLUSION

For the foregoing reasons, Mr. Perez-Gomez respectfully requests that this Court grant these motions.

Respectfully submitted,

Dated: March 10, 2008

/s/ CHARLES L. REES
Attorney for Mr. Jose Francisco Perez-Gomez